UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

                              Criminal No. 16-189(1) (JRT/HB)

          Plaintiff,

v.

RON CURTIS HILL,              **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

          Defendant.

---

Craig R. Baune, Melinda A. Williams, Thomas M. Hollenhorst, and William C. Mattessich, **UNITED STATES ATTORNEY'S OFFICE,** 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Ron Curtis Hill, Reg. No. 20750-041, Federal Correctional Institution Hazelton, P.O. Box 5000, Bruceton Mills, WV 26525, *pro se* Defendant.

Defendant Ron Curtis Hill is currently serving a 100-month sentence after pleading guilty to distribution of methamphetamine. Hill asks the Court to grant him compassionate release because continued confinement would result in hardship. Because Hill has failed to exhaust all administrative rights as required under 18 U.S.C. § 3582(c)(1)(A), the Court will deny his petition without prejudice.

## BACKGROUND

Hill is currently incarcerated at the Hazelton Federal Correctional Institution in Bruceton Mills, West Virginia. *Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Nov. 16, 2023). Hill pleaded guilty to

distribution of five grams or more of actual methamphetamine on October 17, 2016. (Plea Agreement at 1, 6, Docket No. 84.) On August 11, 2017, Hill was sentenced to 100 months imprisonment. (Sentencing J. at 2, Aug. 15, 2017, Docket No. 148.) Hill's expected release date is September 21, 2024. *Inmate Locator*.

Hill filed a motion for compassionate release on March 1, 2023 seeking a sentence reduction of up to 10 months under 18 U.S.C. § 3582 and the "COVID-19 Hardship Act." (Mot. Compassionate Release at 1, Docket No. 161.) Hill claims that continued incarceration would place "undeniable hardship" on him. (*Id.* at 2.) The United States opposes this motion because of Hill's failure to exhaust all administrative rights and the nonexistence of the "COVID-19 Hardship Act." (Mem. Opp. Def.'s Mot. Compassionate Release at 4–7, June 23, 2023, Docket No. 175.)

## DISCUSSION

The First Step Act, passed in December 2018, amended the procedure for compassionate release. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the Bureau of Prisons ("BOP"), to move for compassionate release—but only after a "defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request, . . . whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In short, the First Step Act allows a court to modify a term of imprisonment based on a defendant's motion only

when the defendant has first requested the BOP bring a motion on the defendant's behalf and the request has either been rebuffed or lapsed. *Id.*

Here, Hill has failed to exhaust all administrative rights. The record indicates that he did not make a request to the BOP to bring the motion on his behalf. Hill presents no evidence that he exhausted all administrative rights, and the United States explicitly addresses this failure in its memorandum opposing Hill's motion. Because Hill has failed to exhaust all administrative rights, the Court must dismiss Hill's Motion for Compassionate Release and will do so without prejudice.[1] *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (dictating that "courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release [Docket No. 161] is **DENIED without prejudice**.

---

[1] While a dismissal without prejudice means that Hill can refile after exhausting all administrative rights, the Court cautions refiling the same motion. Hill cites to the "COVID-19 Hardship Act." However, the Court finds no record of that Act. The Court will advise Hill to conform the request to the standards of 18 U.S.C. § 3582(c)(1)(A) and state specific "extraordinary and compelling" reasons for compassionate release upon refiling.

DATED:  December 22, 2023                                                                                              <u>s/John R. Tunheim</u>
at Minneapolis, Minnesota.                                                                            JOHN R. TUNHEIM
                                                                                                United States District Judge